**In re Gerald F. REINHART, Debtor.**

No. 11–45029–R.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Nov. 16, 2011.

John C. Lange, Gold, Lange and Majoros, PC, Southfield, MI, for Debtor.

*Opinion and Order Sustaining Trustee's Objections to Exemptions*

STEVEN RHODES, Bankruptcy Judge.

When the debtor, Gerald F. Reinhart, filed for chapter 7 relief, he elected the state exemptions pursuant to 11 U.S.C. § 522(b)(3) and claimed property exempt under MCL § 600.5451, which is Michigan's bankruptcy-specific exemption statute. The trustee, K. Jin Lim, filed an objection, arguing that the Michigan statute is unconstitutional. For the reasons stated herein, the objection is sustained, though not on the precise grounds that the trustee asserts. Instead, the Court concludes that in adopting 11 U.S.C. § 522(b)(3), Congress did not intend to allow a bankruptcy debtor to claim exemptions under a state bankruptcy-specific exemption law.

## I.

Under 11 U.S.C. § 522(b)(3), a debtor may choose to claim either the federal exemptions listed in the bankruptcy code at 11 U.S.C. § 522(d), or to claim as exempt "any property that is exempt under ... State ... law." In Michigan, a debtor in bankruptcy who elects to claim the state exemptions then has a second choice-either the property listed in MCL § 600.6023 or the property listed in MCL § 600.5451. The property listed in MCL § 600.6023 is "exempt from levy and sale under any execution." The property listed in MCL § 600.5451 is "exempt from property of the estate" in bankruptcy, as stated in the introductory paragraph:

> Sec. 5451. (1) A debtor in bankruptcy under the bankruptcy code, 11 U.S.C. 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 U.S.C. § 522(b)(2), the following property[.]

MCL § 600.5451. Reinhart elected these exemptions.

Relying on *Richardson v. Schafer (In re Schafer)*, 455 B.R. 590 (6th Cir. BAP 2011), the trustee argues that MCL § 600.5451 is unconstitutional. In *Schafer*, the Bankruptcy Appellate Panel held that MCL § 600.5451 does not meet the uniformity requirement of the Bankruptcy Clause and is therefore unconstitutional. *Id.* at 606.

## II.

■ 11 U.S.C. § 522(b)(3)(A) permits a debtor to exempt "any property that is exempt under ... State ... law." The Court concludes that the issue raised here is whether Congress, by this language, intended to allow a debtor to claim exemptions under the state bankruptcy-specific exemption law, or whether Congress intended to allow a debtor to claim exemptions only in property that is exempt under the state law from execution on a judgment. That is the issue because if Congress did not intend to allow a debtor to claim exemptions under state bankruptcy-specific exemption laws such as MCL § 600.5451, then a debtor cannot claim such exemptions under 11 U.S.C. § 522(b)(3)(A).

In resolving this question, resort to the history of bankruptcy exemptions is important. In *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902), the Supreme Court held that the exemption provision of the Bankruptcy Act of 1898 satisfied the uniformity requirement of the Bankruptcy Clause.[1] In support, the Supreme Court quoted with approval from *In re Deckert*, 2 Hughes 183, 7 F.Cas. 334 (C.C.Va.1874), which had rejected a similar uniformity challenge to a similar exemption provision of a previous bankruptcy law:

'The power to except from the operation of the law property liable to execution under the exemption laws of the several states, as they were actually enforced, was at one time questioned, upon the ground that it was a violation of the constitutional requirement of uniformity, but it has thus far been sustained, for the reason that *it was made a rule of the law to subject to the payment of debts under its operation only such property as could by judicial process be made available for the same purpose.* This is not unjust, as every debt is contracted with reference to the rights of the parties thereto under existing exemption laws, and no creditor can reasonably complain if he gets his full share of all that the law, for the time being, places at the disposal of creditors. *One of the effects of a bankrupt law is that of a general execution issued in favor of all the creditors of the bankrupt, reaching all his property subject to levy, and applying it to the payment of all his debts according to their respective priorities. It is quite proper, therefore, to confine its operation to such property as other legal process could reach.* A rule

which operates to this effect throughout the United States is uniform within the meaning of that term, as used in the Constitution.'

*Id.* at 189–90, 22 S.Ct. 857 (emphasis added). Addressing the quoted language, the Supreme Court then held, "We concur in this view, and hold that the system is, in the constitutional sense, uniform throughout the United States, when the trustee takes in each state *whatever would have been available to the creditor if the bankrupt law had not been passed.*" 186 U.S. at 190, 22 S.Ct. at 861 (emphasis added). Thus it is clear that in adopting the 1898 Bankruptcy Act, Congress intended only that a state's exemptions from execution on a judgment would be applicable in bankruptcy, because such a constraint is necessary to meet the constitutional uniformity requirement.

The question then becomes whether 11 U.S.C. § 522(b)(3)(A), adopted as part of the Bankruptcy Reform Act of 1978, Pub. L. 95–598, 92 Stat. 2590, carries forward the same constrained intent and effect in allowing a debtor in bankruptcy to exempt property under state law. For two reasons, the Court concludes that Congress must have intended the same constraint and did not intend § 522(b)(3)(A) to allow debtors to claim exemptions under state bankruptcy-specific exemption laws such as MCL § 600.5451.

▮ First, nothing in 11 U.S.C. § 522(b)(3)(A) suggests so radical a departure from the previous and long-established exemption provisions of the 1898 Act. In *Dewsnup v. Timm*, 502 U.S. 410, 419, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992), the Supreme Court addressed the

---

**1.** Regarding the continuing validity of *Hanover Nat'l Bank v. Moyses* in light of developments in the law since it was decided in 1902, the Seventh Circuit has stated, "We do not

share the appellants' view that the Supreme Court might well decide Moyses differently if that case were argued today." *In re Sullivan*, 680 F.2d 1131, 1135 (7th Cir.1982).

question of construing the present bankruptcy code when it arguably departs from previous bankruptcy laws, although in a different context. It held:

> When Congress amends the bankruptcy laws, it does not write "on a clean slate." See *Emil v. Hanley*, 318 U.S. 515, 521, 63 S.Ct. 687, 690–691, 87 L.Ed. 954 (1943). Furthermore, this Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history. See *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 380, 108 S.Ct. 626, 634, 98 L.Ed.2d 740 (1988). See also *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 563, 110 S.Ct. 2126, 2133, 109 L.Ed.2d 588 (1990); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 244–245, 109 S.Ct. 1026, 1032–1033, 103 L.Ed.2d 290 (1989).

*See also Midlantic Nat'l Bank v. N.J. Dept. of Envtl. Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986) ("The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific.").

In *Dewsnup*, the Supreme Court found no legislative history discussing the "major change" that was advocated there—lien stripping in a chapter 7 case—and thus rejected it. 502 U.S. at 420, 112 S.Ct. 773. There is none here either. The Seventh Circuit has observed that § 522(b) has "virtually no legislative history." *In re Sullivan*, 680 F.2d 1131, 1136 (7th Cir. 1982).

In *Dewsnup*, the Supreme Court went on to state, "Of course, where the language is unambiguous, silence in the legislative history cannot be controlling." 502 U.S. at 419–20, 112 S.Ct. 773. Turning to the language of 11 U.S.C. § 522(b)(3)(A), it is certainly not "unambiguous" in adopting so radical a change in established exemption law such as would permit a debtor to claim exemptions under a state bankruptcy-specific exemption law. Much like the prior bankruptcy laws, § 522(b)(3)(A) simply permits a debtor to exempt "any property that is exempt under ... State ... law."

Second, as the Supreme Court recently noted, "[W]e will, where possible, construe federal statutes so as 'to avoid serious doubt of their constitutionality.'" *Stern v. Marshall*, — U.S. ——, 131 S.Ct. 2594, 2605, 180 L.Ed.2d 475 (2011) (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 841, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986)). That doctrine is plainly applicable here because as developed above, under *Hanover Nat'l Bank v. Moyses*, to meet the constitutional requirement of uniformity in the bankruptcy laws enacted by Congress, it is necessary to constrain a bankruptcy debtor's use of state exemptions to those exemptions that are applicable to executions on judgements. " 'Geographic' uniformity requires that within a state, bankruptcy and non-bankruptcy (judgment) debtors and judgment creditors be treated the same." *Schafer*, 455 B.R. at 606.

Accordingly, the Court concludes that 11 U.S.C. § 522(b)(3)(A) reflects an intent to permit a debtor to exempt in bankruptcy only the property that the debtor can exempt from collection on a judgment under state law. In Michigan, those exemptions are found at MCL § 600.6023. Reinhart claimed exemptions under MCL § 600.5451, which does not list property that is exempt from collection on a judgment under state law. Therefore, MCL § 600.5451 is simply ineffective in estab-

lishing a list of exemptions that a debtor can claim under 11 U.S.C. § 522(b)(3)(A) and the debtor cannot utilize it to claim exemptions in bankruptcy.

Accordingly, it is ordered that the trustee's objection to Reinhart's exemptions is sustained.